[No. 46303. En Banc. January 10, 1980.]

*In the Matter of the Personal Restraint of*
MICHAEL J. FREDERICK, *Petitioner.*

---

*Jean Rietschel* and *John Midgley* of *Institutional Legal Services,* for petitioner.

*Stephen L. Henley, Prosecuting Attorney,* and *Douglas S. Boole, Chief Deputy,* for respondent.

WRIGHT, J.—This is a personal restraint petition originally filed in the Court of Appeals, Division Three, and transferred to this court by certification. The sole question we consider is whether a juvenile offender can be convicted of first–degree escape.

On August 22, 1978, petitioner Michael J. Frederick pleaded guilty to a charge of second–degree burglary and became a juvenile offender. Upon leaving the courtroom he ran from the custody of the probation officer. He returned to custody but subsequently escaped from the detention facility. The details of the escapes are not relevant.

Frederick was charged with and pleaded guilty to two counts of first–degree escape and was found to be a juvenile offender. He has questioned if the pleas were voluntarily and knowingly entered. It is unnecessary to consider this matter, however, in view of the result reached here.

A "serious offender" is defined in RCW 13.40.020(1) to include *inter alia* a person at least 15 years old "who has committed *an offense which if committed by an adult would be*: . . . (c) . . . burglary in the second degree . . ." (Italics ours.)

An "offense" is defined in RCW 13.40.020(14) as "an act designated a crime *if committed by an adult . . .*" (Italics ours.)

RCW 9A.04.040(1) states a felony is one of the classes of crime.

RCW 13.04.240 reads: "An order of court adjudging a child delinquent or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime." This provision was not repealed by the Basic Juvenile Court Act enacted in 1977. Laws of 1977, 1st Ex. Sess., ch. 291. Section 81 of the act, which lists sections of the juvenile laws which were repealed, does NOT enumerate RCW 13.04.240.

RCW 13.40.240 provides:

> All references to juvenile delinquents or juvenile delinquency in other chapters of the Revised Code of Washington shall be construed as meaning juvenile offenders or the commitment of an offense by juveniles as defined by this chapter.

■ The foregoing provisions make clear that a juvenile has not committed a crime, including a felony, when he has committed an offense, "an act designated as a crime *if committed by an adult.*" (Italics ours.) RCW 13.40.020(14). Since Frederick, a juvenile offender, could not be convicted of a felony he also could not be "detained pursuant to a conviction of a felony," an essential element of first–degree escape. RCW 9A.76.110(1). Accordingly, he cannot be guilty of first–degree escape.

■ The State advances several statutory interpretation arguments concerning RCW 9A.76.110(1), none of which should be considered.

> [L]anguage which is clear upon its face does not require or permit any construction . . . "Where there is no ambiguity in a statute, there is nothing for this court to interpret."

*State v. McIntyre,* 92 Wn.2d 620, 622, 600 P.2d 1009 (1979), quoting *State v. Roth,* 78 Wn.2d 711, 714, 479 P.2d 55 (1971); *Automobile Drivers & Demonstrators Local 882*

*v. Department of Retirement Sys.,* 92 Wn.2d 415, 420, 598 P.2d 379 (1979).

A juvenile offender can be guilty of escape in the second degree, so the State is not without a remedy in such a circumstance.

The personal restraint petition is granted and the matter remanded for further proceedings consistent with this opinion.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.