[No. 61382-6. En Banc. August 18, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. BRANDON MICHAELSON, *Appellant*.

*Valla M. Wagner,* for appellant.

John W. *Ladenburg, Prosecuting Attorney, Chris Quinn-Brintnall, Senior Appellate Deputy,* and *James B. Roche, Deputy,* for respondent.

DURHAM, J. — Sixteen-year-old Brandon Michaelson was charged with one count of taking a motor vehicle without permission. The charge was dismissed when he entered into a diversion agreement. Michaelson then moved to block the diversion unit from forwarding a record of this action to the Department of Licensing so as to avoid potential license suspension, and his motion was denied. He now appeals this denial. The parties here dispute whether RCW 13.50.200 allows a record of a diversion agreement for the offense of taking a motor vehicle without permission to be forwarded to the Department. We conclude that the statute does not permit the record to be forwarded, and so reverse the trial court.

A diversion agreement is a "contract between a juvenile accused of an offense and a diversionary unit whereby the juvenile agrees to fulfill certain conditions in lieu of prosecution." RCW 13.40.080(1). These conditions can include community service, restitution, counseling or a fine. RCW 13.40.080(2). Diversion is typically used for minor juvenile offenses, where a county prosecutor will refer the juvenile to a probation officer who will enter into a diversion agreement with the juvenile. *State v. Quiroz,* 107 Wn.2d 791, 794, 733 P.2d 963 (1987). Although the prosecutor is required to determine that probable cause exists to believe that the juvenile has committed the crime in question, there is no requirement that a formal information be filed before entering into a diversion agreement. RCW 13.40.080(1). *See also*

 

Cynthia I. Badger, Comment, *Diversion Agreements Under Washington's Juvenile Justice Act of 1977*, 14 Gonz. L. Rev. 423, 427 (1979). Although they may figure into a juvenile's criminal history, generally diversion agreements are not considered convictions. *Quiroz*, at 794.

 The statute at issue in this case states that:

Notwithstanding any other provision of this chapter, whenever a child is arrested for a violation of any law, including municipal ordinances, regulating the operation of vehicles on the public highways, a copy of the traffic citation and a record of the action taken by the court shall be forwarded by the juvenile court to the department of licensing in the same manner as provided in RCW 46.20.270.

RCW 13.50.200.[1] The plain language of RCW 13.50.200 states that the statute applies to "violation[s] of any law . . . regulating the operation of vehicles on the public highways". The offense of taking a motor vehicle without permission is a violation of the criminal laws, not of the vehicle operating laws. RCW 9A.56.070(1). Additionally, no traffic citation is issued as a result of the offense. On its face, this statute does not appear to apply to the subject offense. Unambiguous language does not require nor permit judicial construction. *State v. McIntyre*, 92 Wn.2d 620, 622, 600 P.2d 1009 (1979). This court is bound to apply the plain language of the statute. *State v. Smith*, 117 Wn.2d 263, 270-71, 814 P.2d 652 (1991).

The State, however, argues that this statute is ambiguous. It contends that RCW 13.50.200, if read literally, would conflict with RCW 46.20.270, which deals with the forwarding of records of "convictions" which require a driver's license suspension or revocation. To demonstrate the alleged ambiguity of RCW 13.50.200, the State relies on the assumption that "[t]he adjudication of a juvenile for an offense which if committed by an adult would be a crime is *not a conviction*." (Italics ours.) Br. of Resp't, at 2. If this were true, RCW 13.50.200 would be confusing at best, since

---

[1] "'Juvenile', 'youth', and 'child' mean any individual who is under the chronological age of eighteen years and who has not been previously transferred to adult court". Former RCW 13.40.020(10).

its reference to RCW 46.20.270, which speaks only of "convictions", would make no sense.

The State relies primarily on *In re Frederick*, 93 Wn.2d 28, 30, 604 P.2d 953 (1980) for the proposition that juvenile adjudications of guilt are not convictions. The question posed in *Frederick* was whether a juvenile could be convicted of first degree escape, which as a predicate required that the defendant have been detained pursuant to a felony conviction. *Frederick*, at 29-30. There, we distinguished between felonies and juvenile offenses, and held that "a juvenile has not committed a crime, including a felony, when he has committed an offense". *Frederick*, at 30. While a juvenile cannot be convicted of a felony, he or she can be convicted of an offense as contemplated by RCW 46.20.270(4). *See also* JuCR 7.12(c), (d) (recognizing that a juvenile, if found guilty, is "convicted" of an offense). Since juveniles can receive convictions, there is no apparent conflict between RCW 13.50.200 and RCW 46.20.270.

Accordingly, we find no ambiguity in RCW 13.50.200, and give effect to its plain language. This statute's scope is limited to "violation[s] of any law . . . regulating the operation of vehicles on the public highways". RCW 13.50.200. The straightforward reading of this language is that it applies to arrests for traffic offenses alone and that the statute's later reference to RCW 46.20.270 is meant primarily to refer to the procedural aspects of that statute. *E.g.*, RCW 46.20.270(2) ("Every court . . . shall forward to the department within ten days [of conviction] . . . an abstract of the court record".). *See also* RCW 13.40.250(4) (dealing with infractions by juveniles under the age of 16 and specifically referencing RCW 46.20.270(2)). Michaelson was neither arrested for nor charged with a violation of the traffic laws. We are unaware of any other statute giving the juvenile court authority to forward these records otherwise,[2] and the State has not argued that any other basis exists.

---

[2]Although the Legislature has permitted the forwarding of other types of diversion agreements in limited instances, this agreement clearly is outside of the scope of those statutes. *See* RCW 13.40.265(2)(a); RCW 13.40.250(4).

Finding no authority permitting the forwarding of Michaelson's diversion records, we reverse the trial court.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.