[No. 35309-8-I. Division One. January 8, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES ROLAND CHEATHAM, *Appellant*.

---

*Eric Broman* and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Barbara A. Flemming, Deputy*, for respondent.

AGID, J. — ██ The juvenile court found Charles Roland Cheatham guilty of violating former RCW 9.41.040, which criminalizes the possession of firearms by persons previously convicted or adjudicated of a crime of violence or a felony involving a firearm. To establish Cheatham's predicate offense, the State introduced evidence of his 1989 juvenile disposition for second degree burglary, a crime designated as a crime of violence under former RCW 9.41.010(2)(a). On appeal, Cheatham contends there is insufficient evidence to uphold his conviction. He argues that the wording of former RCW 9.41.040 is insufficiently precise to incorporate prior juvenile offenses within its scope and, therefore, it only prohibits possession of firearms by persons with prior adult convictions.[1] We hold that although juveniles cannot technically be convicted of crimes under the Juvenile Justice Act (JJA), the term "crime of violence" in former RCW 9.41.040(1) applies to both juvenile dispositions and adult convictions for the offenses listed there. Accordingly, we affirm Cheatham's conviction.

## DISCUSSION

Washington's Uniform Firearms Act, Chapter 9.41, governs the possession, use and purchase of firearms and dangerous weapons. The Legislature enacted the law in 1935 and has amended it several times since then. The 1992 version of the statute was in effect when Cheatham was charged. It provides:

---

[1] Although Cheatham did not raise this argument below, it is properly before us because a challenge to the sufficiency of the evidence alleges a manifest error affecting a constitutional right. RAP 2.5(a)(3); *City of Seattle v. Slack*, 113 Wn.2d 850, 859, 784 P.2d 494 (1989).

> A person is guilty of the crime of unlawful possession of a short firearm or pistol, if, having previously been convicted *or, as a juvenile, adjudicated* in this state or elsewhere of a crime of violence or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol.

*See* former RCW 9.41.040(1) (italics ours). The State must therefore establish as the predicate offense that the defendant committed either a crime of violence[2] or a felony involving a firearm. Cheatham contends that although second degree burglary is a crime of violence, his prior juvenile disposition for that offense is insufficient to establish a predicate offense under the statute because juveniles cannot be convicted or adjudicated guilty of "crimes," only of "offenses."

Cheatham relies on *In re Frederick*, 93 Wn.2d 28, 604 P.2d 953 (1980), to support his argument. The question in *Frederick* was whether a juvenile could violate former RCW 9A.76.110(1), which defined first degree escape as an escape while being "detained pursuant to a conviction of a felony." 93 Wn.2d at 30. The court held that although Frederick escaped while in detention, he did not violate the statute because juveniles cannot be convicted of felonies and he, therefore, could not have been detained pursuant to a felony conviction. The court relied on the JJA, which provides that a court order "adjudging a child delinquent or dependent under the provisions of this chapter shall in no case be deemed a conviction of [a] crime." RCW 13.04.240. In light of this provision, it reasoned that a juvenile cannot commit a "crime," including a felony, when he has committed an "offense," which the JJA defines as an act that would be designated as a

---

[2]Under the 1992 version of RCW 9.41.010(2)(a), a crime of violence is any felony defined under any law as a class A felony or an attempt to commit a class A felony, criminal solicitation of or criminal conspiracy to commit a class A felony, first and second degree manslaughter, indecent liberties if committed by forcible compulsion, second degree rape, kidnapping, arson, second degree assault and assault of a child, first degree extortion, and second degree burglary and robbery.

crime if committed by an adult. 93 Wn.2d at 30. *See* RCW 13.40.020(19).

Cheatham is correct that under *Frederick* and the JJA, a juvenile cannot be convicted of a crime or a felony. But we do not agree that these observations constrain us to hold that former RCW 9.41.040 does not incorporate, as predicate offenses, prior juvenile adjudications for offenses that would be crimes of violence or felonies involving a firearm if committed by an adult. Cheatham's argument overlooks a critical distinction between the statute at issue in *Frederick* and the one we consider here. The former made no reference to juveniles at all. In contrast, the statute under which Cheatham was convicted specifically states that it applies to persons who have previously "as a juvenile [been] adjudicated . . . of a crime of violence or of a felony in which a firearm was used or displayed." *Frederick* was concerned with whether a provision of the adult criminal code can apply to a juvenile where it contains no reference to juveniles in light of the JJA's mandate that a juvenile adjudication shall not be deemed a conviction of a crime.[3] The question here is whether the Legislature's wording of a provision of the adult criminal code, which clearly evinces its intent to apply to juveniles or juvenile offenses, is sufficiently precise to do so.

 This court recently addressed a similar issue in *State v. S.M.H.*, 76 Wn. App. 550, 887 P.2d 903 (1995). There we held, in response to an argument similar to the one Cheatham raises, that juveniles are not required to register as sex offenders under RCW 9A.44.130 following a finding of sexual motivation under RCW 13.40.135.[4] 76 Wn. App. at 559. RCW 9A.44.130, the registration statute, provides:

---

[3]Following *Frederick*, the Legislature amended RCW 9A.76.110 and inserted the words "or an equivalent juvenile offense."

[4]*See also State v. Halstien*, 122 Wn.2d 109, 129-30, 857 P.2d 270 (1993) (noting, in dicta, that juveniles "do not appear" to be subject to the statute); *but see State v. Acheson*, 75 Wn. App. 151, 877 P.2d 217 (1994), a Division Two case reaching the contrary result.

(1) Any adult or juvenile residing in this state who has been found to have committed or has been convicted of any sex offense shall register with the county sheriff for the county of the person's residence. . . .

. . . .

(6) "Sex offense" for the purpose of RCW 9A.44.130 . . . means any offense defined as a sex offense by RCW 9.94A.030.

RCW 9.94A.030(31), in turn, defines "sex offense" as:

(a) A felony that is a violation of chapter 9A.44 RCW or RCW 9A.64.020 or 9.68A.090 or that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;

(b) A felony with a finding of sexual motivation under RCW 9.94A.127; or

(c) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

Like the statute here, RCW 9A.44.130 specifically refers to *juveniles* (i.e., "[a]ny adult or juvenile residing in [the] state"). It does not, however, include any provision incorporating *juvenile adjudications* within the ambit of the statute or any other reference to the juvenile code. Thus, on its face, the statute applies only to juveniles who have been convicted of sex offenses under RCW 9.94A.030, which in turn refers only to provisions of the adult criminal code. We held that the omission of any reference to the juvenile sexual motivation statute in the definition of "sex offense" precluded applying the statute to juveniles even though it was fairly clear that the Legislature intended to include, but inadvertently omitted, this reference in the registration statute. *S.M.H.*, 76 Wn. App. at 555. In contrast, former RCW 9.41.040 does refer to the juvenile code by referring to juvenile adjudications. We hold that this language unambiguously encompasses juvenile offenses that would be crimes if committed by an adult within the class of offenses that may establish the predi-

cate offense for the crime of unlawful possession of a firearm under former RCW 9.41.040.

■ Cheatham contends the words "crime" and "felony" in the statute create an ambiguity and that we should adopt his reading of the statute under the rule of lenity. *See State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992). Although the JJA refers to juvenile criminal activity as "offenses" rather than "crimes," we disagree that the Legislature's failure to refer specifically to juvenile offenses in former RCW 9.41.040 creates an ambiguity. The statute prohibits the possession of a firearm or short pistol by a person who has previously been convicted or, as a juvenile, has previously been adjudicated guilty of a crime of violence or of a felony involving a firearm. The definition of a crime of violence under RCW 9.41.010(2) includes second degree burglary. By substituting second degree burglary, one of the definitions of a crime of violence, for the term "crime of violence" in former RCW 9.41.040, the statute reads: a "person is guilty of the crime of unlawful possession of a short firearm or pistol, if having previously been convicted or, as a juvenile, adjudicated . . . of [second degree burglary] or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol." There is no ambiguity. If a statute is unambiguous on its face, it is not subject to judicial construction. *State v. Michaelson*, 124 Wn.2d 364, 366, 878 P.2d 1206 (1994).

■■ Even if we agreed that the statute is ambiguous, the rules of statutory construction would lead to the same result. The court's primary directive in construing a statute is "to adopt that interpretation which best advances the statute's legislative purpose." *In re A, B, C, D, E*, 121 Wn.2d 80, 88, 847 P.2d 455 (1993). The language of former RCW 9.41.040 makes it clear that the Legislature intended to include juvenile adjudications as predicate offenses. We are also required to construe statutes to give meaning to every word or phrase and not render any portion meaningless or superfluous. *State v. Wanrow*, 88 Wn.2d 221, 559

P.2d 548 (1977). Unless "crime of violence" and "felony" are construed to refer to both adult convictions and juvenile adjudications, the words "juvenile[s] adjudicated" would be rendered completely superfluous.

 Cheatham's focus on the statutory definition of juvenile criminal conduct ignores that the fundamental difference between the adult criminal code and the juvenile code is not the definition of criminal activity but the penalties and procedures that attach to that activity. For example, the JJA does not itself define offenses. Rather, it mandates how a juvenile found to have engaged in conduct that would be a crime if committed by an adult should be prosecuted and punished. As the Supreme Court observed in *State v. Schaaf*:

> The fact that juveniles are accountable for criminal behavior does not erase the differences between adult and juvenile accountability. *The penalty, rather than the criminal act committed, is the factor that distinguishes the juvenile code from the adult criminal justice system.*

109 Wn.2d 1, 7-8, 743 P.2d 240 (1987) (italics ours). Thus, the distinguishing feature between a juvenile offense and an adult offense is its consequences, not its definition. Former RCW 9.41.040 defines a substantive offense, it does not establish a penalty or a disability for a criminal act. Even if juveniles cannot technically be convicted of crimes or felonies, the mere fact that the statute uses the terms "crime" or "felony" in defining a juvenile offense does not preclude applying that statute to juveniles.

Cheatham's argument also ignores that the adult criminal code, the JJA and the relevant case law are replete with references to "juvenile felonies" and "misdemeanors." Under his approach, any time the Legislature has referred to a juvenile offense without explaining that it means an offense which, if committed by an adult would be a felony or a misdemeanor, that provision would not apply to juveniles. *See, e.g.*, RCW 13.40.020(18) (defining a "minor or first offender" as a person whose current offen-

se(s) and criminal history include various combinations of misdemeanors, gross misdemeanors and felonies); RCW 13.40.110(1)(a) (motion to transfer juvenile to adult court may be brought where respondent is 15 or over "and the information alleges a class A felony or an attempt, solicitation, or conspiracy to commit a class A felony"); RCW 9.94A.030(12)(b) (adult offender's criminal history includes "prior convictions in juvenile court if: (i) The conviction was for an offense which is a felony or a serious traffic offense and is criminal history as defined in RCW 13.40.020(9)"). If we were to accept Cheatham's argument that a juvenile offense cannot be classified or referred to as a felony or a crime, we would be nullifying countless provisions of both the adult criminal code and the JJA.

In further support of his argument, Cheatham relies on an opinion issued by the Attorney General in 1987 (AGO 28) concluding that the earlier version of the statute did not prohibit juveniles from possessing firearms because a juvenile cannot be convicted of a "crime." Cheatham's reliance on AGO 28 is misplaced. The version of RCW 9.41.040(1) interpreted by the Attorney General in AGO 28 provided:

> A person is guilty of the crime of unlawful possession of a short firearm or pistol, if, having previously been convicted in this state or elsewhere of a crime of violence or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol.

Unlike the version of the statute at issue here, which refers to a "juvenile [who has been] adjudicated," the earlier version does not mention juveniles at all. The Attorney General's opinion on the earlier statute therefore does not apply to the 1992 version.

Cheatham also relies on the most recent amendments to RCW 9.41.040(1)(a) to support his argument. The statute now reads:

> (1) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm if the person owns,

has in his or her possession, or has in his or her control any firearm:

> (a) After having previously been convicted in this state or elsewhere of a serious *offense*, a domestic violence offense enumerated in RCW 10.99.020(2), a harassment offense enumerated in RCW 9A.46.060, or of a felony in which a firearm was used or displayed . . . .

(Italics ours.) He contends that because this provision of the statute now refers to "offense" as opposed to "crime of violence" and "felony," it was amended to incorporate juvenile convictions to cure the alleged defect on which he bases his argument. He argues that the Legislature would not have amended the statute if the earlier version were meant to apply to juveniles. This argument is without merit because it ignores the other amendments the Legislature made to the statute in 1994. In addition to amending RCW 9.41.040, the Legislature also amended RCW 9.41.010, the definitions section for Chapter 9.41, to create an entirely new category of "serious offense[s]" under the statute. *See* RCW 9.41.010(12). That definition includes "[a]ny crime of violence," a category used in the previous version of RCW 9.41.040, *see* RCW 9.41.010(12)(a), as well as a number of other offenses that were not previously included in the definition of crimes of violence. The amendments added sex offenses not covered by the earlier statute, and offenses such as controlled substances homicide, leading organized crime, and promoting prostitution in the first degree. Read together, the Legislature's obvious intent in enacting these new sections was to expand the field of predicate offenses for a violation of RCW 9.41.040, not to remedy a purported omission of juveniles from the previous version of the statute.

In addition, it is clear from the statute that the Legislature no longer intended that former RCW 9.41.040(1) apply to juveniles. Not only did it remove the reference to juveniles from that section, it also added a new provision that pertains only to juveniles. The new subsection, RCW 9.41.040(1)(e), provides that a person is guilty of the crime

of unlawful possession of a firearm if the person owns, has in his or her possession, or has in his or her control any firearm "[i]f the person is under eighteen years of age, except as provided in RCW 9.41.042."[5] Thus, under the current version of the statute, *all* juveniles are prohibited from possessing firearms, whether they have prior adjudications or not, subject to the exceptions in RCW 9.41.042. Because RCW 9.41.040(1)(e) applies to all juveniles, the Legislature obviously did not include the reference to "offenses" in RCW 9.41.040(1)(a) to remedy an exclusion of juveniles from the purview of that statute.

The disposition is affirmed.

BECKER and COX, JJ., concur.

---

[5]RCW 9.41.042 defines the circumstances under which it is permissible for a child to possess a firearm.