[No. 37946-1-I.    Division One.    January 21, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RODNEY JEROME MCKINLEY, *Appellant*.

*Eric Broman* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Dana Cashman, Deputy,* for respondent.

KENNEDY, A.C.J. — Rodney McKinley appeals his conviction of one count of unlawful possession of a firearm in the first degree, arguing that his prior juvenile adjudication of guilt of second degree robbery did not constitute a predicate conviction for purposes of the unlawful possession of a firearm statute, and thus the evidence was insufficient to support his conviction. We conclude that a juvenile adjudication of guilt constitutes a conviction for

purposes of the 1995 version of the unlawful possession statute, and accordingly affirm McKinley's conviction.

## FACTS

On October 24, 1995, the State charged Rodney McKinley with one count of unlawful possession of a firearm in the first degree, in violation of former RCW 9.41.040(1)(a). The information alleged that McKinley had previously been convicted of second degree robbery, a serious offense under RCW 9.41.010(11)(12)(a).

On January 8, 1996, McKinley brought a motion to dismiss the charge, arguing that his prior juvenile adjudication of guilt of second degree robbery did not constitute a predicate conviction for purposes of the unlawful possession of a firearm statute then in effect. The trial court denied the motion to dismiss, and McKinley proceeded to a stipulated facts trial. After reviewing the police reports and a certified copy of the juvenile order of disposition, the trial court found McKinley guilty as charged. He was sentenced within the standard range, and this timely appeal followed.

## DISCUSSION

McKinley contends that there is insufficient evidence to support his conviction of unlawful possession of a firearm in the first degree, arguing that his prior juvenile adjudication of guilt of second degree robbery did not constitute a predicate conviction for purposes of the unlawful possession of a firearm statute in effect at the time of his conviction.

McKinley was convicted of violating Washington's Uniform Firearms Act, Ch. 9.41 RCW, which governs the possession, use, and purchase of firearms and dangerous weapons. Although the Act was originally enacted in 1935, the Legislature has amended it several times since that date. The 1995 version of the Act was in effect when McKinley was convicted. It provided, in pertinent part:

(1)(a) A person, *whether an adult or juvenile*, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm *after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter,* residential burglary, reckless endangerment in the first degree, any felony violation of the Uniform Controlled Substances Act, chapter 69.50 RCW, classified as a class A or class B felony, or with a maximum sentence of at least ten years, or both, or equivalent statutes of another jurisdiction, except as otherwise provided in subsection (3) or (4) of this section;

. . . .

(3) As used in this section, a person has been "convicted" at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals.

Former RCW 9.41.040 (emphasis added).

Under the 1995 Act, the State thus bore the burden of establishing, as the predicate offense, that McKinley had been convicted of a "serious offense" as defined in Ch. 9.41 RCW. Although McKinley concedes that second degree robbery is a serious offense within the meaning of the Uniform Firearms Act, he contends that RCW 9.41.040 "plainly and unambiguously" applies only when the predicate offense is an adult conviction. Brief of Appellant at 6. McKinley thus argues that his prior juvenile adjudication of second degree robbery did not constitute a "conviction" for purposes of RCW 9.41.040.

McKinley cites *State v. Schaaf,* 109 Wn.2d 1, 743 P.2d 240 (1987), and *In re Frederick,* 93 Wn.2d 28, 604 P.2d 953 (1980) in support of his argument that a juvenile cannot be "convicted" of a crime. McKinley's reliance on these cases is misplaced. In both *Schaaf* and *Frederick,* our Supreme Court held that a juvenile offender cannot be convicted of a *felony. Schaaf,* 109 Wn.2d at 8; *Frederick,*

93 Wn.2d at 30. RCW 9.41.040(1)(a), however, does not speak in terms of felonies. It requires only that an offender have previously been convicted of a "serious offense." RCW 9.41.040(1)(a) (emphasis added). The term "offense" applies equally to adult and juvenile crimes. *See In re A,B,C,D,E*, 121 Wn.2d 80, 87, 847 P.2d 455 (1993).

When statutory language is used in an unambiguous manner, this court will not look beyond the plain meaning of the words. *In re A,B,C,D,E*, 121 Wn.2d at 87. Although the parties urge differing results in the present case, both argue that RCW 9.41.040 is unambiguous. We disagree. Because the statute refers explicitly to juveniles in the prefatory language, the Legislature's use of the term "convicted" in RCW 9.41.040(1)(a) creates an inherent ambiguity requiring judicial construction.

In construing a statute, the court's paramount duty is to give effect to the intent of the Legislature. *In re A,B,C,D,E*, 121 Wn.2d at 88; *City of Yakima v. International Ass'n of Fire Fighters Local 469*, 117 Wn.2d 655, 669, 818 P.2d 1076 (1991). If the intent of the Legislature is not clear from the words of the statute, resort to legislative history and other aids of construction is appropriate. *Biggs v. Vail*, 119 Wn.2d 129, 134, 830 P.2d 350 (1992). To help clarify the original intent of a statute, the court may also turn to the statute's subsequent history. *Littlejohn Constr. Co. v. Department of Labor & Indus.*, 74 Wn. App. 420, 427, 873 P.2d 583 (1994) (citing *Rozner v. City of Bellevue*, 116 Wn.2d 342, 347-48, 804 P.2d 24 (1991)).

As the parties point out, RCW 9.41.040 has been amended several times over the last 15 years. Prior to 1992, the statute made no reference to juvenile offenders. It stated in pertinent part:

> (1) A person is guilty of the crime of unlawful possession of a short firearm or pistol, if, having previously been convicted in this state or elsewhere of a crime of violence or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol.

Laws of 1983, ch. 232, § 2.

In 1992, the Legislature amended the statute to expressly include juvenile adjudications as predicate offenses:

(1) A person is guilty of the crime of unlawful possession of a short firearm or pistol, if, having previously been convicted *or, as a juvenile, adjudicated* in this state or elsewhere of a crime of violence or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol.

. . . .

(3) As used in this section, a person has been "convicted or adjudicated" at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or *disposition,* post-trial or *post-factfinding* motions, and appeals.

LAWS OF 1992, ch. 205, § 118 (emphasis added).

In 1994, the Legislature again amended the unlawful possession statute. Although the Legislature deleted the phrase "or, as a juvenile adjudicated," it added "juvenile" to the statute's prefatory language and made the statute applicable to any juvenile, regardless of prior adjudications:

(1) A person, *whether an adult or juvenile,* is guilty of the crime of unlawful possession of a firearm if the person owns, has in his or her possession, or has in his or her control any firearm:

(a) After having previously been convicted in this state or elsewhere of a serious offense, . . .

. . . .

(e) If the person is *under eighteen years of age* except as provided in RCW 9.41.042.

LAWS OF 1994, 1st Sp. Sess., ch. 7, § 402 (emphasis added).

In 1995, the unlawful possession statute was amended as part of Initiative 159, entitled "Hard Time for Armed

Crime." The 1995 version of the statute, under which McKinley was convicted, added new offenses to the list of predicate convictions, and created two degrees of unlawful possession. Unlike the 1994 version of the statute, the 1995 version provided that a juvenile who had no predicate convictions could be charged with second degree unlawful possession, rather than first degree. The statute stated in pertinent part:

(1)(a) A person, *whether an adult or juvenile,* is guilty of the crime of unlawful possession of a firearm *in the first degree,* if the person owns, has in his or her possession, or has in his or her control any firearm *after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter,* . . . ;

(b) A person, *whether an adult or juvenile,* is guilty of the crime of unlawful possession of a firearm *in the second degree,* if the person does not qualify under (a) of this subsection for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:

. . . .

(iv) If the person is *under eighteen years of age,* except as provided in RCW 9.41.042.

. . . .

(3) As used in this section, a person has been "convicted" at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals.

LAWS OF 1995, ch. 129, § 16 (emphasis added).

Finally, although the parties do not discuss it in their briefs, the Legislature again amended the unlawful possession statute in March of 1996. For purposes of this appeal, the most significant change is reflected in the express inclusion of juvenile adjudications within the statute's definition of "convicted." The 1996 version of the unlawful possession statute states in pertinent part:

(1)(a) A person, *whether an adult or juvenile,* is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm after having previously been convicted in this state or elsewhere of any serious offense as defined in this chapter, . . .

. . . .

(3) Notwithstanding RCW 9.41.047 or any other provision of law, as used in this chapter, a person has been "convicted", *whether in an adult court or adjudicated in a juvenile court,* at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or *disposition,* post-trial or *post-factfinding* motions, and appeals.

RCW 9.41.040 (emphasis added).

McKinley argues that the 1994 amendment to RCW 9.41.040, which omitted the phrase "or as a juvenile, adjudicated," demonstrates the Legislature's intent to exclude prior juvenile adjudications as predicate convictions. The 1994 amendment, however, must be read in light of judicial interpretation of pertinent statutory terms, as well as subsequent amendments of the statute. By 1994, the Supreme Court had issued its opinion in *In re A,B,C,D,E,* holding that the Legislature's use of the word "convicted" in RCW 70.24.340(1)(a) did not preclude application of the statute to juvenile offenders. 121 Wn.2d at 88-90. *See also State v. Michaelson,* 124 Wn.2d 364, 367, 878 P.2d 1206 (1994) (holding that, although a juvenile cannot be convicted of a felony, he or she can be convicted of an offense; "juveniles can receive convictions"). When a statute fails to define a term, the term is presumed to have its common law meaning and the Legislature is presumed to know the prior judicial use of the term. *State v. Roby,* 67 Wn. App. 741, 746, 840 P.2d 218 (1992) (citing *In re Marriage of Gimlett,* 95 Wn.2d 699, 701-02, 629 P.2d 450 (1981)). Because we can presume that the Legislature was aware of the Supreme Court's interpretation of the

term "convicted," and because the Legislature expressly included juveniles in the statute's prefatory language, the deletion of the phrase "or as a juvenile, adjudicated" from the 1994 Act does not necessarily demonstrate the Legislature's intent to exclude prior juvenile adjudications as predicate convictions.[1]

Moreover, McKinley's interpretation of the 1994 amendment runs afoul of the Legislature's stated purposes in enacting the amendment, that is, to expand the range of gun prohibitions and thereby reduce violence, especially among our youth. The Legislature stated:

> Youth violence is increasing at an alarming rate and young people between the ages of fifteen and twenty-four are at the highest risk of being perpetrators and victims of violence.
>
> . . . .
>
> Addressing the problem of violence requires the concerted effort of all communities and all parts of state and local governments. It is the immediate purpose of chapter 7, Laws of 1994 1st Sp.sess. to: . . . (3) increase the severity and certainty of punishment for *youth and adults* who commit violent acts.

LAWS OF 1994, 1st Sp. Sess., ch. 7, § 401 (emphasis added).

■■ Finally, we conclude that the 1996 amendment to RCW 9.41.040 clarifies the Legislature's intent to retain, rather than exclude, juvenile adjudications as predicate

---

[1] We are mindful of this court's statement in *State v. Cheatham*, 80 Wn. App. 269, 278, 908 P.2d 381 (1996) that "it is clear from [the 1994 amendment to] the statute that the Legislature no longer intended that former RCW 9.41.040(1) apply to juveniles." In making this statement, the *Cheatham* court relied on the fact that under RCW 9.41.040(1)(e), all juveniles were prohibited from possessing firearms, regardless of prior adjudications. *See* 80 Wn. App. at 279. The panel may have reached a different conclusion had it had the benefit of the 1995 and 1996 amendments to the statute. As explained above, in 1995, the Legislature created two degrees of unlawful possession. By creating, under former RCW 9.41.040(1)(b)(iv), a second degree offense for juveniles with no prior adjudications, the Legislature clarified its intent that former RCW 9.41.040(1)(a), defining the first degree offense, still applied to juveniles as long as the juvenile had a prior adjudication. Moreover, as discussed below, the 1996 amendment provides further evidence of the Legislature's intent that RCW 9.41.040(1)(a) applies to juveniles.

convictions. Because the Legislature is presumed not to pass meaningless legislation, when it enacts an amendment to a statute, a presumption exists that a change was intended. *Spokane County Health Dist. v. Brockett*, 120 Wn.2d 140, 154, 839 P.2d 324 (1992). *See also State v. Greenwood*, 120 Wn.2d 585, 592-93, 845 P.2d 971 (1993) ("When interpreting an amendment, a material change in the language of the original act is presumed to indicate a change in legal rights."). This presumption may be overcome, however, if circumstances indicate that the Legislature intended to clarify an existing statute. *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 615, 694 P.2d 697 (1985). One "well recognized" indication of legislative intent to clarify a statute is the existence of ambiguities in the original act. *Marine Power*, 39 Wn. App. at 615.

> When an amendment clarifies existing law and where that amendment does not contravene previous constructions of the law, the amendment may be deemed curative, remedial, and retroactive. This is particularly so where an amendment is enacted during a controversy regarding the meaning of the law.

*Tomlinson v. Clarke*, 118 Wn.2d 498, 510-11, 825 P.2d 706 (1992) (footnotes omitted).

Given the ongoing controversy over the application of the term "convicted" to juvenile offenders, we conclude that the Legislature intended by the 1996 amendment to clarify the unlawful possession statute by expressly including juvenile adjudications within the definition of "convicted." Because the 1996 amendment does not contravene previous authoritative constructions of the law, *see Marine Power*, 39 Wn. App. at 614-15, we hold that it is curative and indicative of the Legislature's intent that a juvenile

adjudication of guilt constitutes a conviction for purposes of the 1995 unlawful possession statute.[2]

Affirmed.

GROSSE and ELLINGTON, JJ., concur.

---

[2]Although McKinley argues that the rule of lenity requires that the statute be interpreted to exclude prior juvenile adjudications, we reject his argument. The rule of lenity cannot be applied to obtain a result contrary to legislative intent. *State v. Walter*, 66 Wn. App. 862, 870, 833 P.2d 440 (1992), *review denied*, 121 Wn.2d 1033 (1993). Because McKinley's interpretation of the statute would frustrate the legislative intent of expanding gun prohibitions and increasing the severity and certainty of punishment for youth and adults who commit violent acts, we decline to apply it under the rule of lenity.