[No. 19667-1-II.　Division Two.　May 23, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON
LEE SANDERS, *Appellant*.

*Thad E. Scudder*, for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney*, and *Susan I. Baur, Deputy*, for respondent.

HUNT, J. — Aaron Lee Sanders was convicted of offering a forged document for filing at a public office in violation of RCW 40.16.030. Sanders argues that: (1) The trial court erred in not admitting testimony offered to prove that the forged document was not "materially false;" and (2) the trial court erred in omitting "material falsity" from the jury instructions as an element of the crime. We affirm.

## FACTS

The facts of this case are not in dispute. On December 23, 1994, Sanders brought a motion to modify his child support payments. Issuing an oral ruling, the Cowlitz County Superior Court trial judge temporarily reduced Sanders' child support obligation for two months and set the case for review in February 1995. Sanders later presented the judge with written "Findings of Fact and Conclusions of Law." The findings and conclusions were signed by both the judge and by Julie Rabideau, Sanders' ex-wife. The judge did not enter a new or amended "Order of Child Support" at that time.

On January 23, 1995, Sanders presented an "Order of Child Support" to a superior court deputy clerk and

requested that a trial judge sign the order. Sanders told the clerk that Rabideau had agreed to and had signed the order. The clerk suspected that Rabideau's purported signature was a forgery. The clerk contacted Rabideau, who stated that she had never signed the order. Sanders was charged with knowingly offering a forged instrument for filing in a public office in violation of RCW 40.16.030.

Before the trial began, the State moved to preclude the original trial court judge from testifying and to exclude all evidence offered to prove that the forged order was fairly consistent with the findings and conclusions. The State argued that the only issue was whether Sanders knowingly offered a forged instrument for filing in a public office, and that all other evidence concerning the forged order was irrelevant. Sanders argued that because the forged order was consistent with the findings and conclusions, the order was not "materially false." He argued that such evidence was relevant to prove that he lacked intent to commit the crime.

The trial court ruled that evidence of the "material falsity" of the order was irrelevant because such evidence did not relieve Sanders of the crime as charged. The trial court determined that the State needed to prove only that Sanders knowingly offered a forged document for filing in a public office. The trial court ruled that: (1) The findings and conclusions would not be admitted as evidence; (2) the issuing trial court judge would not be allowed to testify; and (3) both Sanders and the State were precluded from eliciting testimony or presenting evidence related to the "material falsity" of the forged order.

The jury instructions required the State to prove only that Sanders offered a forged document for filing in a public office. Sanders did not object to the instructions, nor did Sanders present alternate instructions.

## ANALYSIS

The issue here is whether a violation of RCW 40.16.030

requires the State to prove that a forged document offered for filing in a public office was "materially false." RCW 40.16.030 provides:

> Every person who shall knowingly procure or offer any false or forged instrument to be filed, registered, or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded in such office under any law of this state or of the United States, shall be punished by imprisonment in a state correctional facility for not more than five years, or by a fine of not more than five thousand dollars, or by both.

## I. Material Falsity.

Sanders argues that the trial court erred in refusing to admit evidence offered to prove that the forged order was consistent with the issuing court's findings and conclusions, and therefore, not "materially false." Sanders argues that the evidence was relevant because under RCW 40.16.030, the State had to prove that the forged document was "materially false" in order to establish a violation.

A criminal defendant has a constitutional right to present all relevant and admissible evidence in his defense. *State v. Rehak*, 67 Wn. App. 157, 162, 834 P.2d 651 (1992). Evidence is admissible when relevant under ER 401, insofar as the evidence has "any tendency to make the existence of any fact . . . *of consequence* . . . more . . . or less probable." *State v. Clark*, 78 Wn. App. 471, 477, 898 P.2d 854, *review denied*, 128 Wn.2d 1004 (1995) (quoting ER 401) (emphasis added).

The admission or refusal of evidence lies within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *State v. Guloy*, 104 Wn.2d 412, 421, 705 P.2d 1182 (1985). A trial court manifestly abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. *Coggle v. Snow*, 56 Wn.

App. 499, 507, 784 P.2d 554 (1990); *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■■ Unambiguous statutory language is not subject to judicial interpretation.[1] *State v. Michaelson*, 124 Wn.2d 364, 366, 878 P.2d 1206 (1994). RCW 40.16.030 clearly and unambiguously provides that a violation occurs if a person simply offers any false *or* forged instrument to be filed or recorded in a public office. RCW 40.16.030. The statute does not require that the forged document be "materially false."[2]

Sanders asserts that the Washington Supreme Court has held that a forged document must be "materially false" in order to establish a violation of RCW 40.16.030. *State v. Price*, 94 Wn.2d 810, 818-19, 620 P.2d 994 (1980). In *Price*, the court was asked to interpret the term "instrument" as applied in RCW 40.16.030. The court did not hold in *Price* that "material falsity" was a necessary element of RCW 40.16.030. Rather, the court held that RCW 40.16.030 "encompassed" documents that were filed in a public office where the claimed falsity was material. *Price*, 94 Wn.2d at 819. Sanders' interpretation of *Price* is erroneous, and therefore, his reliance is misplaced. We decline Sanders' invitation to add a new element to those prescribed by the Legislature in RCW 40.16.030.

The trial court properly determined that the State did not have to prove that the forged order was "materially false" in order to establish a violation of RCW 40.16.030. The trial court correctly concluded that evidence offered to show the forged order "was consistent" with the findings and conclusions was of no consequence, and therefore,

---

[1]Sanders compares RCW 40.16.030 with the forgery statute, RCW 9A.60.020. The forgery statute, RCW 9A.60.020, specifically requires that a forged document be "falsely made" with intent to defraud or injure. RCW 40.16.030 possesses no such requirement. Thus, Sanders' argument is unpersuasive.

[2]Sanders also argues that because the forged Order was consistent with the findings and conclusions, his illegal action did "not deprive anyone of a significant right." However, as the State points out, the effect of his action is not relevant, for the statute proscribes the actual *presentation* of a forged document for filing with a public office. RCW 40.16.030.

not relevant. In so ruling, the trial court did not abuse its discretion.

## II. Jury Instructions.

Sanders argues that because "material falsity" was a necessary element of the crime, it should have been included within the jury instructions. As discussed above, material falsity is not an element that the State needed to establish in order to prove a violation of RCW 40.16.030. The instructions properly informed the jury of the essential elements of the crime.

Sanders did not object to the instructions nor did he propose alternate instructions to the trial court. RP 94-97. Sanders cannot now claim error on appeal. CR 51(f);[3] *Stewart v. State*, 92 Wn.2d 285, 298, 597 P.2d 101 (1979).

For the forgoing reasons, we affirm.

BRIDGEWATER, A.C.J., and MORGAN, J., concur.

---

[3]When a party objects to the giving or refusing of an instruction, "[t]he objector shall state distinctly the matter to which he objects and the grounds of his objection." CR 51(f). The purpose of this rule is to clarify the points of law which counsel claims the court is misconstruing relative to a specific instruction. *Dravo Corp. v. L.W. Moses Co.*, 6 Wn. App. 74, 83, 492 P.2d 1058 (1971); *State v. McDonald*, 74 Wn.2d 141, 145, 443 P.2d 651 (1968).