[No. 22599-2-III.   Division Three.   January 4, 2005.]

THE STATE OF WASHINGTON, *Appellant*, v. JAMES W. SWEENEY, *Respondent*.

78

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Donald G. Miller*, for respondent.

¶1  SCHULTHEIS, J. — An adult or juvenile who possesses a firearm after being convicted of any serious criminal offense is guilty of first degree unlawful possession of a firearm. RCW 9.41.040(1)(a). James William Sweeney pleaded guilty to second degree burglary, a serious offense, when he was a minor. Twelve years later, he was arrested and charged for unlawfully possessing a rifle. The trial court found that the juvenile burglary had washed out and therefore could not serve as the predicate offense for unlawful possession of a firearm. The State appeals the dismissal of the charge against Mr. Sweeney, contending the trial court erred in applying the offender score rules of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, to the elements of the criminal statutes. We agree, reverse, and remand for trial.

FACTS

¶2  In March 1990, 14-year-old Mr. Sweeney pleaded guilty in juvenile court to second degree burglary. He admitted he entered a Carnation dairy factory in January 1990 and stole yogurt from a delivery truck. The plea form inferred obliquely that Mr. Sweeney's felony offense would wash out when he was an adult:

> I have been informed and fully understand that my plea of guilty and the court's acceptance of my plea will become part of my criminal history. I have also been informed and fully understand that if the offense(s) is a felony and I was 15 years of age or older when the offense was committed, then the plea will remain part of my criminal history when I am an adult if I commit another offense prior to my twenty-third birthday.

Clerk's Papers at 44-45. At the time, any adult convicted of second degree burglary was prohibited from possessing a short firearm or pistol. Former RCW 9.41.010(2)(a) (1983); former RCW 9.41.040(1) (1983). However, when Mr. Sweeney pleaded guilty to second degree burglary in 1990, the statute did not include juvenile offenses as predicate crimes. Former RCW 9.41.040 (1983); *see State v. McKinley*, 84 Wn. App. 677, 681-82, 929 P.2d 1145 (1997).

¶3 In 1994, the legislature amended RCW 9.41.040 to provide that both adults and juveniles who had previously been convicted of a serious offense (including second degree burglary) were prohibited from possessing any firearm. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 402. Also in 1994, the legislature enacted RCW 9.41.047. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 404. The statute requires the court to give the person who has been convicted of a crime that made him or her ineligible to possess a firearm both oral and written notice that he or she may not possess a firearm unless the right to do so is restored by the court. RCW 9.41.047(1).

¶4 Mr. Sweeney was 26 years old on the day in February 2002 that he and friends were shooting rifles in a Spokane County gravel pit. Police investigating a report of possible trespassing and illegal shooting contacted Mr. Sweeney and his friends at the pit. When the officers ran a records check on Mr. Sweeney, they discovered his juvenile felony conviction. At first, Mr. Sweeney stated he could not recall that he was ever convicted of a felony, but he eventually remembered the incident. The investigating officer initially offered to drop the possession of a firearm charge if Mr. Sweeney could get his firearm rights restored. But when Mr. Sweeney failed to respond to the officer's calls after several

months, the State filed an information on April 2, 2003 charging him with one count of first degree unlawful possession of a firearm (a .22 caliber rifle).

¶5 In August 2003, Mr. Sweeney moved to dismiss. He argued that charging him with unlawful possession of a firearm violated due process because neither his juvenile guilty plea form nor his order of disposition advised him that the juvenile felony would affect his right to possess a firearm. The trial court dismissed the charge on a different basis. Noting that the juvenile conviction had washed out by the time of this offense, the court concluded that the conviction could not serve as a predicate felony for the unlawful possession of a firearm charge. The trial court recognized that the legislature revived juvenile convictions in 2002 for the purpose of establishing criminal history for sentencing. RCW 9.94A.030(13). But relying on *State v. Cruz*, 139 Wn.2d 186, 985 P.2d 384 (1999), the court concluded that the legislature could not retroactively revive Mr. Sweeney's washed out juvenile conviction for the purposes of establishing a predicate crime for the unlawful possession of a firearm charge. The State timely appealed the dismissal of the charge against Mr. Sweeney.

EFFECT OF A WASHED OUT CONVICTION AS A PREDICATE OFFENSE

¶6 By applying principles related to the computation of the offender score for sentencing under the SRA, the trial court concluded that Mr. Sweeney's juvenile offense had washed out and could not serve as the predicate offense for first degree unlawful possession of a firearm. The trial court confused the process for determining a convicted felon's criminal history and offender score with the elements of criminal offenses. Accordingly, we reverse and remand for trial.

¶7 The overarching purpose of the SRA is "to make the criminal justice system accountable to the public by developing a system for the *sentencing* of felony offenders which structures, but does not eliminate, discretionary

decisions affecting sentences." RCW 9.94A.010 (emphasis added). By definition, the provisions of the SRA apply only to sentencing.

¶8 Before 1997, when an offender older than 23 committed a crime, all prior juvenile class B and C felonies washed out, and were not included in the offender's criminal history for the purposes of the offender score calculation. *State v. Dean*, 113 Wn. App. 691, 693, 54 P.3d 243 (2002) (citing former RCW 9.94A.030(12)(b) (1996)), *review denied*, 149 Wn.2d 1009 (2003). Recent amendments have eliminated the wash out provision, although the Washington Supreme Court in *Cruz*, 139 Wn.2d 186, and *State v. Smith*, 144 Wn.2d 665, 674-75, 30 P.3d 1245, 39 P.3d 294 (2001) held that in some circumstances these amendments did not apply retroactively to revive washed out offenses. Applying *Cruz* and possibly *Smith*, the trial court here concluded that Mr. Sweeney's juvenile second degree burglary offense had washed out when he turned 23 and therefore could not be the predicate offense for first degree unlawful possession of a firearm.

■ ¶9 A predicate offense, however, is not the same thing as criminal history. This fact is clear in the specific provision for sealing and expunging a juvenile record. Under RCW 13.50.050(11), a juvenile who has been the subject of a charge by information or a complaint referred for diversion may move to have the court vacate the order and findings and to seal the official juvenile court file. Once the record has been expunged by court order, the juvenile proceedings are treated "as if they never occurred." RCW 13.50.050(14); *In re Restoration of Firearm Rights of Nelson*, 120 Wn. App. 470, 475-76, 85 P.3d 912 (2003). Consequently, if the proceedings never occurred, the expunged juvenile offense cannot serve as the predicate offense for a charge of unlawful possession of a firearm. *Nelson*, 120 Wn. App. at 479-80.

¶10 Unlike the sealing and expunging process provided in RCW 13.50.050, the wash out provisions of the SRA have never expunged a convicted felon's record. Mr. Sweeney has

not had his juvenile record expunged by court order pursuant to RCW 13.50.050. His adjudication for second degree burglary still exists for the purposes of the unlawful possession of a firearm statute. RCW 9.41.040.

## DUE PROCESS

¶11 In his response brief, Mr. Sweeney again raises the argument that was unsuccessful in trial court. He contends it is fundamentally unfair and a denial of due process that he faces prosecution for a crime—unlawful possession of a firearm—that he could not have faced when he pleaded guilty to second degree burglary in 1990.[1] He argues that possession of a firearm is constitutionally protected and should not be abrogated without notice. His due process claims have been addressed and rejected in previous cases.

¶12 Knowledge that possession of a firearm is illegal is not an element of the crime of unlawful possession of a firearm. *State v. Locati*, 111 Wn. App. 222, 225, 43 P.3d 1288 (2002). Ignorance of the law is generally no defense, although a narrowly defined class of cases has determined that affirmative, misleading information from a governmental entity is a violation of due process. *State v. Leavitt*, 107 Wn. App. 361, 371, 27 P.3d 622 (2001). If the defendant relied upon an express representation by a government agent that certain proscribed activity was in fact legal, the defendant may raise the defense of entrapment by estoppel against any charge based on that proscribed activity. *State v. Krzeszowski*, 106 Wn. App. 638, 646, 24 P.3d 485 (2001).

¶13 Mr. Sweeney never relied upon an express statement of a government official that he retained the right to possess firearms after his juvenile conviction. We find no merit in his argument that he was denied due process when the trial court failed to notify him in 1994 that he was unable to possess firearms. Washington courts are not

---

[1] Mr. Sweeney's additional contention that his juvenile offense does not qualify as a conviction and therefore should not be considered a predicate offense for RCW 9.41.040 was rejected in *State v. Cheatham*, 80 Wn. App. 269, 274-75, 908 P.2d 381 (1996); *see also McKinley*, 84 Wn. App. at 684.

required to contact all felons convicted before 1994 to give the notice prescribed in RCW 9.41.047. *State v. Reed*, 84 Wn. App. 379, 385-86, 928 P.2d 469 (1997) (because of the difficulty in giving notice, the equal protection clause does not require courts to give notice under RCW 9.41.047 to felons convicted before 1994).

■■ ¶14 When Mr. Sweeney pleaded guilty to second degree burglary in juvenile court he was not prohibited from possessing a firearm. Later enactments and amendments made it a crime for him to possess a firearm. Although possession of a firearm is a right protected to some degree by the Second Amendment, that right has always "been subject to government regulation for safety purposes." *State v. Schmidt*, 143 Wn.2d 658, 676, 23 P.3d 462 (2001). Mr. Sweeney's ignorance of the law is no defense to his prosecution for unlawful possession of a firearm. *Krzeszowski*, 106 Wn. App. at 642-43. Consequently, the decision of the trial court to dismiss must be reversed.

¶15 Reversed and remanded for trial.

KATO, C.J., and SWEENEY, J., concur.