[No. 37876-7-I.    Division One.    September 22, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES E. WRIGHT, *Appellant*.

*William R. Levinson* of *Levinson & Samples, L.L.P.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Dennis J. McCurdy, Deputy*, for respondent.

BECKER, J. — The statutory construction issue in this case springs from well-plowed ground: the unlawful) firearm possession statute. We hold the 1994 version of the statute does contemplate that a juvenile adjudication will be a predicate offense, and affirm the appellant's conviction.

Responding to reports of gunshots, police officers found the defendant, 19-year-old James Wright, walking down the street with a friend on June 28, 1995. Wright was holding a box of ammunition, and his friend had a .44 caliber handgun. Wright admitted to the officers that he bought the gun earlier in the day and had fired about four shots.

The State charged him with unlawfully possessing a firearm while having previously been convicted of a serious offense. At the age of 16, Wright had been adjudicated guilty in juvenile court of second degree robbery and second degree assault.

Wright moved to dismiss the charge for failure to state an offense. The trial court denied the motion. Wright then submitted to a trial on stipulated facts, and the court found him guilty. Wright appeals.

The 1994 statute under which Wright was charged provides:

> (1) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm if the person owns, has in his or her possession, or has in his or her control any firearm:
>
> (a) After having previously been convicted in this state or elsewhere of a serious offense . . . .[1]

"Serious offense" includes any "crime of violence".[2] And "crime of violence" means "Any of the following felonies . . . assault in the second degree . . . and robbery in the second degree."[3]

The statute thus explicitly includes within its definition of "serious offense" the offenses Wright committed as a juvenile, second degree assault and second degree robbery. Wright argues, however, that he was not "convicted" of a "serious offense" within the meaning of the statute because his offenses were adjudicated in juvenile court.

The 1992 version of the statute referred to juvenile adjudications, but the 1994 statute deleted that reference. Accordingly, Wright contends the Legislature must have intended that a juvenile adjudication could not serve as the predicate offense necessary to establish the crime of unlawful possession of a firearm.

---

[1] LAWS 1994, 1st Spec. Sess, ch. 7, § 402(1)(a) (codified at RCW 9.41.040(1)(a).

[2] RCW 9.41.010(12)(a) (1994).

[3] RCW 9.41.010(11)(a) (1994).

In *State v. Cheatham*[4] the defendant made a similar argument. Relying on *In re Frederick*[5] and *State v. S.M.H.*,[6] he contended his prior juvenile disposition for a serious offense was insufficient to establish a predicate offense under the 1992 version of the statute because juveniles cannot be convicted or adjudicated guilty of "crimes", only of "offenses".[7]

The statute, RCW 9.41.040, has existed in at least four different recent versions.[8] Before 1992, the statute did not refer to juveniles at all. It simply provided that "a person is guilty" of unlawful firearm possession "if, having previously been convicted . . . of a crime of violence or of a felony in which a firearm was used or displayed, the person owns or has in his possession any short firearm or pistol."[9] An Attorney General Opinion, relying on *In re Frederick*, concluded the statute did not attach to offenses adjudicated in juvenile court the same consequences it imposed when the same conduct led to a conviction in adult court.[10]

The Legislature amended the statute in 1992 to eliminate any distinction between conviction in adult court and adjudication in juvenile court: "A person is guilty . . . if, having previously been convicted or, *as a juvenile, adjudicated* . . . ."[11] The *Cheatham* court held the reference to juvenile adjudication "sufficiently precise" to

---

[4]*State v. Cheatham*, 80 Wn. App. 269, 908 P.2d 381 (1996).

[5]*In re Frederick*, 93 Wn.2d 28, 604 P.2d 953 (1980).

[6]*State v. S.M.H.*, 76 Wn. App. 550, 887 P.2d 903 (1995).

[7]*State v. Cheatham*, 80 Wn. App. at 272.

[8]*See State v. Cheatham* 80 Wn. App. at 277; *State v. McKinley*, 84 Wn. App. 677, 681-82, 929 P.2d 1145 (1997).

[9]*See* RCW 9.41.040 (1989). Enacted by Laws of 1935, ch. 172, § 4; amended by Laws of 1961, ch. 124, § 3 and Laws of 1983, ch. 232, § 2.

[10]28 Op. Atty. Gen. (1987).

[11]*See* RCW 9.41.040(1) (1992) (emphasis added).

convey an intent to apply the statute to juvenile offenses.[12] The statute's explicit reference incorporating juvenile adjudications within the ambit of the statute differentiated it from the statutes at issue in *Frederick* and *S.M.H.*[13]

Then, in 1994, the Legislature again amended the statute, this time deleting the reference to juvenile adjudications that the *Cheatham* court relied on. Unlike the pre-1992 version, however, it did include a specific reference to juveniles: "A person, *whether an adult or juvenile,* is guilty of the crime . . . if the person . . . has in his or her possession, or has in his or her control any firearm: (a) After having previously been convicted . . . of a serious offense".[14] The State argues that the reference to any person, "whether an adult or juvenile," is still sufficiently precise under *Cheatham*'s analysis to establish that a serious offense committed by a juvenile is a predicate offense for the firearm statute. Wright, however, emphasizes that the new phrase lacks any specific reference to juvenile adjudications or the juvenile code. As Wright reads the 1994 statute, either an adult or a juvenile may be *guilty* of unlawful firearm possession, but only if they have previously been *convicted* of a serious offense which is a felony or felony attempt; and since juveniles do not commit felonies,[15] a juvenile adjudication cannot be a predicate offense.

█ If juvenile adjudications do not constitute predicate offenses, then a juvenile could never violate the 1994 statute. Wright's reading of the statute would thus render the "whether an adult or juvenile" clause completely superfluous, a result we ordinarily strive to avoid.[16]

In support of his reading of the statute, Wright relies on

---

[12]*See State v. Cheatham*, 80 Wn. App. at 273.

[13]*State v. Cheatham*, 80 Wn. App. at 274.

[14]LAWS 1994, 1st Spec. Sess., ch. 7, § 402 (emphasis added).

[15]*In re Juveniles A, B, C, D, E*, 121 Wn.2d 80, 90, 847 P.2d 455 (1993) (citing *In re Frederick*, 93 Wn.2d at 30).

[16]*State v. Cheatham*, 80 Wn. App. at 275.

our decision in *S.M.H.* That case addressed the sex offender registration statute, which similarly begins with an explicit reference to juveniles: "(1) *Any adult or juvenile . . .* who has been found to have committed or has been convicted of *any sex offense . . . .*"[17] Notwithstanding the explicit reference to juveniles, we held in *S.M.H.* that because the definition of "sex offense" in the statute referred only to the adult sexual motivation statute, but not to the juvenile sexual motivation statute, the registration requirement did not apply to juveniles found to have committed an offense with sexual motivation. While recognizing the omission of a specific reference to the juvenile code was most likely an inadvertent drafting error, we applied the rule requiring strict construction of enactments defining offenses.[18] Wright contends we will be departing from our analysis in *S.M.H.* and *Cheatham* if we interpret the 1994 firearm possession statute, which contains no explicit reference to adjudications or the juvenile code, as permitting a juvenile adjudication to supply the predicate offense.

We disagree. After *Cheatham* was published, the Legislature again amended the firearm possession statute in 1996, restoring an explicit reference to juvenile adjudications: "a person has been 'convicted', *whether in an adult court or adjudicated in a juvenile court,* at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ."[19] In *State v. McKinley*, we held this to be an amendment indicating legislative intent to clarify, not change, the previous statute.[20] The circumstances indicating an intent to clarify included the ongoing controversy over the application of the term "convicted" to juvenile offenders, as well as the fact that

---

[17]*State v. S.M.H.*, 76 Wn. App. at 554 (quoting RCW 9A.44.130 and adding emphasis).

[18]*State v. S.M.H.*, 76 Wn. App. at 556-57.

[19]*State v. McKinley*, 84 Wn. App. at 684 (quoting RCW 9.41.040 and adding emphasis).

[20]*State v. McKinley*, 84 Wn. App. at 685-86.

equating "convicted" with "adjudicated" did not contravene any previous authoritative construction of the statute in question.[21]

The appellant in *McKinley* was situated similarly to Wright in every respect except that he was charged under the statute as amended in 1995 rather than under the 1994 version. The 1995 amendments, while substantive, did not alter the statute in any way material to the issues raised by Wright. Following *McKinley*, we hold that when the Legislature in 1996 restored the reference to juvenile adjudications, the amendment was curative and retroactive. It therefore provided sufficient basis to interpret the 1994 version of the statute as permitting a juvenile adjudication to serve as the predicate offense for a conviction of unlawful firearm possession.

Wright also contends the statute under which he was convicted is void for vagueness. Respectful of the Legislature's constitutional lawmaking role in our government, courts approach a vagueness challenge with a strong presumption in favor of validity.[22] We recognize there has been uncertainty in the courts and the Legislature regarding the application of the word "conviction" to juvenile adjudications. But vagueness in the constitutional sense is something more than mere uncertainty.[23] A statute is unconstitutionally vague only when it prohibits an act in terms so vague that persons of common intelligence must necessarily guess as to its meaning and differ as to its application.[24] Such a statute fails to provide the fair notice guaranteed by the due process clause of the Fourteenth Amendment.

The statute under which Wright was convicted refers explicitly to juveniles, incorporates by reference the

---

[21]*State v. McKinley*, 84 Wn. App. at 686

[22]*State v. Smith*, 111 Wn.2d 1, 5, 759 P.2d 372 (1988).

[23]*State v. Smith*, 111 Wn.2d at 10.

[24]*United States v. Lanier*, 520 U.S. 259, 117 S. Ct. 1219, 1225, 137 L. Ed. 2d. 432 (1997); *City of Seattle v. Montana*, 129 Wn.2d 583, 596, 919 P.2d 1218 (1996).

690

specific offenses for which Wright was adjudicated guilty, and has never been interpreted by a court to exclude juvenile adjudications. Despite legal wrangling over proper use of the term "convicted," persons of common intelligence would not need to guess as to the meaning of this statute or differ as to its application. We conclude the statute provides fair notice that an adult with a juvenile adjudication for second degree robbery and second degree assault is prohibited from possessing a firearm.

Affirmed.

Cox and ELLINGTON, JJ., concur.