36 P.3d 1078 (2001)
109 Wash.App. 546
STATE of Washington, Respondent,
v.
Jeremy Dale SMATHERS, Appellant.
No. 26556-7-II.
Court of Appeals of Washington, Division 2.
December 21, 2001.
Rita Joan Griffith, Seattle, for Appellant (Court Appointed).
*1079 Kathleen Proctor, Pierce County Deputy Pros. Atty., Tacoma, for Respondent.
HUNT, J.
Jeremy Dale Smathers appeals the trial court's refusal to sentence him under the Drug Offender Sentencing Alternative (DOSA), RCW 9.94A.120(6)(a). We hold that Smathers' prior juvenile adjudications for sex or violent offenses are "prior convictions" that preclude DOSA consideration. Accordingly, we affirm.

FACTS
On March 16, 2000, Jeremy Smathers drove recklessly, obstructed law enforcement, and possessed pseudoephedrine[1] with intent to manufacture methamphetamine. On August 9, 2000, he pleaded guilty in exchange for the State's agreement to recommend a sentence of 101.5 months for the drug charge and a suspended sentence for the misdemeanor charges.
Smathers requested sentencing under DOSA. The State opposed DOSA because Smathers had prior juvenile adjudications for sex and violent offenses, two for attempted second degree assault and one for indecent liberties.[2] Smathers argued that prior juvenile adjudications do not preclude DOSA eligibility. The trial court disagreed. It ruled that Smathers was ineligible for DOSA because his prior juvenile adjudications for sex and violent offenses were convictions under RCW 9.94A.120(6)(a),[3] which, therefore, precluded DOSA.

ANALYSIS

I. DOSA ELIGIBILITY
We address an issue of first impression: whether prior juvenile adjudications for sex or violent offenses are "prior convictions" under RCW 9.94A.120(6)(a). The construction of a statute is a question of law, which we review de novo. State v. Ammons, 136 Wash.2d 453, 456, 963 P.2d 812 (1998).
DOSA provides in relevant part:
An offender is eligible for the special drug offender sentencing alternative if:
(i) The offender is convicted of a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.310 (3) or (4);
[and]
(ii) The offender has no current or prior convictions for a sex offense or violent offense in this state, another state, or the United States;....
Former RCW 9.94A.120(6)(a) (Supp.1999)[4] (emphasis added).
Smathers argues that under RCW 9.94A.120(6)(a)(ii), juvenile adjudications for sex or violent offenses are not considered "prior convictions for a sex offense or violent offense." (Br. of Appellant at 4) (emphasis added). But this argument ignores the definition section of chapter 9.94A of the Sentencing Reform Act (SRA), under which "conviction" includes juvenile adjudications:

*1080 "Conviction" means an adjudication of guilt pursuant to Titles 10 or 13 RCW[[5]] and includes a verdict of guilty ... and acceptance of a plea of guilty.[[6]]
Former RCW 9.94A.030(10) (2000)[7] (emphasis added). This definition of "conviction" applies throughout chapter 9.94A RCW, including DOSA.[8] Thus, under DOSA, Smathers' juvenile adjudication for indecent liberties[9] is a "prior conviction [ ] for a sex offense."[10] (Emphasis added.)

II. RULE OF LENITY
Smathers also contends that RCW 9.94A.120(6)(a) is ambiguous and that, therefore, the rule of lenity requires us to interpret DOSA favorably to him. (Br. of Appellant at 5). This argument fails because the statute is unambiguous, and we do not consider the rule of lenity when the statute is clear on its face. State v. Hahn, 83 Wash. App. 825, 832, 924 P.2d 392 (1996).
Affirmed.
We concur: HOUGHTON, J., and ARMSTRONG, C.J.
NOTES
[1] The State charged Smathers with "UNLAWFUL POSSESSION OF PSEUDOEPHEDRINE... contrary to RCW 69.50.440." The probable cause statement recites, "Police found a bag of 105 gr of ephedrine (field test positive) on the ground where the defendant was hiding." Clerk's Papers at 3. RCW 69.50.440 provides that it is illegal to possess psuedoephedrine or ephedrine with intent to manufacture methamphetamine.
[2] Smathers' juvenile adjudications for attempted second-degree assault, a class B felony, are not "violent offenses" under 9.94A.030 because attempts of only class A felonies are "violent offenses." Former RCW 9.94A.030(41) (2000). The Legislature's recent amendments to chapter 9.94A RCW renumbered this section, changing subsection (41) to subsection (45). Laws of 2001, 2nd sp. sess. ch. 12, § 301.
[3] The Legislature recently reorganized RCW 9.94A, the Sentencing Reform Act (SRA), such that section RCW 9.94A.120(6)(a) became section RCW 9.94A.660. Laws of 2001, ch. 10, §§ 1-2, 4; Laws of 2000, ch. 28, §§ 5, 19, effective July 1, 2001. The Legislature did not intend these changes to be substantive. Laws of 2001, ch. 10, § 1; RCW 9.94A.015 (2000).
[4] The statute applicable on March 16, 2000, is reprinted in the 1999 RCW Supplement.
[5] RCW Title 13 covers juvenile courts and offenders.
[6] The Juvenile Justice Act supports this interpretation. RCW 13.04.011(1) provides that "`[a]djudication' has the same meaning as `conviction' in RCW 9.94A.030, and the terms must be construed identically and used interchangeably[.]"
[7] The Legislature's recent amendments to chapter 9.94A RCW renumbered this subsection, changing it to subsection (11). Laws of 2001, 2nd sp. sess. ch. 12, § 301.
[8] See RCW 9.94A.030, opening sentence.
[9] Indecent liberties is a class B felony under Former RCW 9A.44.100(2) (2000), which is a prior conviction for a sex offense, precluding DOSA eligibility. Former RCW 9.94A.030(36)(a) (2000) defines "sex offense" as: "A felony that is a violation of chapter 9A.44 RCW...." In 2001, the Legislature renumbered this section, changing it to subsection (38) when it amended chapter 94A. Laws of 2001, 2nd sp. sess. ch. 12, § 301. The Legislature had previously changed this section to (37) in 2000. The Legislature changed it again in 2001 to subsection (38). Laws of 2000, ch. 28, § 2; Laws of 2001, 2nd sp. sess. ch. 12, § 301.
[10] In State v. J.H., 96 Wash.App. 167, 978 P.2d 1121 (1999), Division One addressed the issue of whether juveniles have the right to a jury trial. In so doing, the court examined an earlier version of DOSA and noted in dicta that juvenile adjudications do not affect DOSA eligibility. J.H., 96 Wash.App. at 178-79, 978 P.2d 1121.

Moreover, the J.H. court interpreted an earlier version of the statute before the 1999 amendment's effective date, July 25, 1999. The 1999 amendments changed the provision from "[t]he offender has no prior convictions for a felony in this state...." to "[t]he offender has no current or prior convictions for a sex offense or violent offense in this state...." Laws of 1999, ch. 197, § 4. (Emphasis added.) It is this later version that we construe in the case before us.