76 P.3d 265 (2003)
118 Wash.App. 259
STATE of Washington, Respondent,
v.
Detrick L. JOHNSON, Appellant.
State of Washington, Respondent,
v.
Anthony R. Newell, Appellant.
Nos. 48696-9-I, 48644-6-I.
Court of Appeals of Washington, Division 1.
September 8, 2003.
*266 Dana M. Nelson, Nielsen, Broman & Koch PLLC, Seattle, WA, for Appellant in No. 48696-9-I.
Gregory Link, Seattle, for Appellant in No. 48644-6-I.
Ian Michael Goodhew, King Co. Pros. Office, Seattle, WA, for Respondent in No. 48696-9-I.
Patrick Walsh, King Co. Pros. Office/Criminal Div., Seattle, for Respondent in No. 48644-6-I.
AGID, J.
Detrick Johnson and Anthony Newell appeal their sentences for delivery of cocaine. They both contend that their prior juvenile adjudications were not convictions, and the trial court improperly found that those adjudications precluded sentencing them under the Drug Offender Sentencing Alternative (DOSA). Johnson also argues that his prior juvenile conviction washed out, and Newell asserts a new statute eliminating the tripling provisions for drug offenses and reducing the seriousness level of his offense should apply retroactively to him. Because Johnson and Newell are no longer subject to the statutes governing juvenile offenses, we reject their arguments based on the Juvenile Court Act. We also conclude that the Legislature intended the amended statute be prospective only and affirm both sentences.

FACTS
Detrick Johnson was charged by information filed on January 12, 2001, with one count of delivery of cocaine. He entered a guilty plea, and both the State and defense recommended a 41-month sentence, the low end of the standard range. Johnson requested an alternative sentence under the DOSA statute.[1] The trial court found that his prior juvenile adjudication for second degree assault made him ineligible for a DOSA sentence. Johnson appeals this ruling.
In November 2000, Anthony Newell entered a guilty plea to delivery of cocaine. He also requested an alternative sentence under the DOSA statute, but the trial court found that his prior juvenile adjudication for second degree assault with a deadly weapon made him ineligible for a DOSA sentence. The trial court counted Newell's prior adult conviction for Violation of the Uniformed Controlled Substances Act (VUCSA) as three points in calculating his offender score, refusing to apply RCW 9.94A.525(12) retroactively to reduce his offender score and standard range. Newell appeals both rulings.

DISCUSSION
1. Prior Juvenile Adjudications
The mutual issue in these consolidated cases is whether Johnson's and Newell's prior juvenile adjudications were convictions at all. Both agree that, if the adjudications are convictions for purposes of applying the DOSA sentencing alternative, they are not eligible for DOSA sentences. But they contend *267 that RCW 13.04.240 mandates that a juvenile adjudication never be treated as a conviction, and thus their prior juvenile adjudications may not be used to exclude them from DOSA eligibility. RCW 13.04.240 states that
An order of court adjudging a child delinquent or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime.
This language appears only in the Basic Juvenile Court Act. There is no comparable provision in the Sentencing Reform Act (SRA). The adult and juvenile statutes govern only sentences within the system to which the respective statutes apply.[2] "`[W]here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.'"[3] This is especially true in this case because of the different purposes of the adult and juvenile statutes. The juvenile system focuses on rehabilitation and the adult system on punishment.[4] Thus, the juvenile statute is properly concerned with preventing an adjudication of guilt from being considered a crime while one is still a juvenile, as this approach furthers its rehabilitative purpose. Similarly, the adult statute allows consideration of prior juvenile adjudications in sentencing an individual who is now an adult and has committed a crime as an adult because the SRA is primarily concerned with punishing all adult offenders who have the same criminal history to the same extent. Each statute treats prior offenses in a manner appropriate to its purpose, and they are not contradictory as between the two systems.
Johnson and Newell rely on several cases to buttress their argument. But In re Frederick[5] and State v. J.H.[6] involved defendants who were still juveniles at the time of their current offenses, and In re Weaver[7] involved commitment under RCW 10.77 of a person who pled not guilty by reason of insanity in juvenile court but had since turned 18 years old.
State v. Cheatham,[8] is more on point. There, the juvenile court found the defendant guilty as a felon in possession of a firearm under RCW 9.41.040, using a prior juvenile disposition as the predicate offense.[9] Cheatham argued that his prior juvenile conviction could not be used as a predicate offense because under RCW 13.04.240, it could not be a crime. This court concluded that, because the felon in possession statute "specifically states that it applies to persons who have previously `as a juvenile [been] adjudicated... of a crime of violence or of a felony in which a firearm was used or displayed,' "it "unambiguously encompasses juvenile offenses ... that may establish [the] predicate offense...."[10] We rejected Cheatham's argument that the rule of lenity applied, concluding that, even if the statute were ambiguous, the rules of statutory construction would mandate the conclusion that the Legislature intended to include juvenile adjudications as predicate offenses.[11]
This reasoning applies to these cases as well. Johnson and Newell are no longer juveniles and are not subject to the Juvenile Court Act. When they became adults and committed adult crimes, application of the *268 SRA was triggered. The SRA unambiguously includes juvenile adjudications under Title 13 in the definition of criminal history, so the rule of lenity cannot apply.[12]
At oral argument, Newell contended that the reasoning of Apprendi v. New Jersey[13] and United States v. Tighe[14] applies here to prohibit the court from using prior juvenile adjudications obtained without a jury trial to disqualify them from a DOSA sentence. Apprendi held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[15]Tighe concluded that "Apprendi's narrow `prior conviction' exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt," and that juvenile adjudications are not included in that group.[16] But there is no Apprendi issue here because the trial courts did not use Newell's prior juvenile adjudication to increase the sentence beyond the statutory maximum. Rather, the court only denied Newell the benefit of the more lenient DOSA sentence. There is no basis in this case to extend Apprendi beyond the Supreme Court's holding.[17]
2. Washed Out Juvenile Convictions
Johnson contends the trial court erred in considering his prior washed out juvenile conviction to determine whether he was eligible for a DOSA. Under a previous statutory definition, a juvenile adjudication washed out when the individual reached age 23.[18] Johnson turned 23 in 1995, and his juvenile adjudications washed out at that time. Johnson argues that the Supreme Court's decision in State v. Smith[19] is controlling. Smith held that a sentencing court could not revive a defendant's previously washed out juvenile adjudications and include them in calculating his offender score.[20] Johnson asserts that, because his prior juvenile adjudications had washed out for purposes of calculating his offender score, they had washed out for all purposes and could not be considered to determine DOSA eligibility.
In Smith and State v. Cruz,[21] the court held that washed out prior convictions could not be used to calculate a defendant's offender score. But offender score calculation is governed by a different statutory provision from the one used to determine whether a defendant is eligible for a DOSA. The DOSA statute that applies here, former RCW 9.94A.120(6) (2000), does not mention washed out convictions and provides that a defendant may be eligible for a DOSA sentence if "(ii) [t]he offender has no current or prior convictions for a sex offense or violent offense in this state, another state, or the United States."
In State v. Deman,[22] we concluded that case law does not support the proposition that a washed out conviction "has lost all significance for all other purposes once it has washed out for purposes of calculating an offender score."[23] Deman was convicted of vehicular homicide, and the trial court enhanced his sentence based on DUI convictions that had washed out. Johnson contends *269 that, because the statute in Deman was specific to vehicular homicide and drunk driving offenses, the reasoning of that case does not apply to him. But the court in Deman concluded that the fact that the drunk driving statute did not set out the penalty to be imposed for vehicular homicide but merely defined "prior offense" for a vehicular homicide case, did not alter the trial court's statutory obligation to apply the sentence enhancement statute. The SRA sets out the penalty to be imposed on an adult who has committed an adult crime. The juvenile statute's definition of "conviction" for purposes of juvenile cases does not preclude the courts from applying the SRA to adult defendants. The trial courts determine whether an adult offender is eligible for a DOSA sentence "independently of the calculation of the defendant's standard range sentence and without regard to [the offender score provisions]."[24] While under Smith Johnson's prior juvenile adjudication could not count toward his offender score, the trial court properly considered it to determine whether Johnson was eligible for a DOSA.
3. Tripling Provisions
Newell contends that the recent statutes eliminating the tripling provisions of RCW 9.94A.525(12) and reducing the standard range for drug crimes should be applied retroactively to him. Our resolution of this issue is controlled by State v. McCarthy[25] and State v. Kane.[26] The Legislature expressly indicated that the new statute applied to crimes committed after July 1, 2002, almost two years after Newell committed his current crime. The trial court did not err in calculating Newell's offender score.

CONCLUSION
Affirmed.
ELLINGTON and GROSSE, JJ., concur.
NOTES
[1] Former RCW 9.94A.120(6) (2000).
[2] In re Smiley, 96 Wash.2d 950, 956, 640 P.2d 7 (1982).
[3] In re Swanson, 115 Wash.2d 21, 27, 804 P.2d 1 (1990) (quoting United Parcel Serv., Inc. v. Dep't of Rev., 102 Wash.2d 355, 362, 687 P.2d 186 (1984)).
[4] State v. J.H., 96 Wash.App. 167, 172, 978 P.2d 1121 (citing Monroe v. Soliz, 132 Wash.2d 414, 420, 939 P.2d 205 (1997)), review denied, 139 Wash.2d 1014, 994 P.2d 849 (1999), cert denied, 529 U.S. 1130, 120 S.Ct. 2005, 146 L.Ed.2d 956 (2000).
[5] 93 Wash.2d 28, 604 P.2d 953 (1980).
[6] 96 Wash.App. 167, 978 P.2d 1121, review denied, 139 Wash.2d 1014, 994 P.2d 849 (1999), cert. denied, 529 U.S. 1130, 120 S.Ct. 2005, 146 L.Ed.2d 956 (2000).
[7] 84 Wash.App. 290, 929 P.2d 445 (1996).
[8] 80 Wash.App. 269, 908 P.2d 381 (1996).
[9] To be convicted of the crime, the defendant must have a prior felony conviction. RCW 9.41.040.
[10] State v. Cheatham, 80 Wash.App. 269, 273-75, 908 P.2d 381 (1996).
[11] Id. at 275, 908 P.2d 381.
[12] RCW 9.94A.030(12)(b) (1996); see State v. Smathers, 109 Wash.App. 546, 36 P.3d 1078 (2001), review denied, 146 Wash.2d 1017, 51 P.3d 87 (2002).
[13] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[14] 266 F.3d 1187 (9th Cir.2001).
[15] Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
[16] Tighe, 266 F.3d at 1194-95.
[17] State v. Gore, 143 Wash.2d 288, 311-15, 21 P.3d 262 (2001).
[18] Former RCW 9.94A.030(12)(b) (1996).
[19] 144 Wash.2d 665, 30 P.3d 1245, 39 P.3d 294 (2001).
[20] State v. Smith, 144 Wash.2d 665, 675, 30 P.3d 1245, 39 P.3d 294 (2001).
[21] 139 Wash.2d 186, 985 P.2d 384 (1999).
[22] 107 Wash.App. 98, 26 P.3d 296 (2001), review denied, 145 Wash.2d 1016, 41 P.3d 482 (2002).
[23] State v. Deman, 107 Wash.App. 98, 102-03, 26 P.3d 296 (2001), review denied, 145 Wash.2d 1016, 41 P.3d 482 (2002).
[24] Id. at 102, 26 P.3d 296.
[25] 112 Wash.App. 231, 48 P.3d 1014 (2002), review denied, 148 Wash.2d 1011, 62 P.3d 889 (2003).
[26] 101 Wash.App. 607, 5 P.3d 741 (2000).