**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> FIDEL ANTONIO MENDEZ, *Defendant-Appellant*. | No. 13-30170 <br><br> D.C. No. 2:12-cr-06024-FVS-1 <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted
June 4, 2014—Seattle, Washington

Filed August 26, 2014

Before: M. Margaret McKeown and Paul J. Watford,
Circuit Judges, and Barbara Jacobs Rothstein, Senior
District Judge.[*]

Opinion by Judge Watford

---

[*] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming the district court's denial of a motion to dismiss a felon-in-possession-of-a-firearm charge under 18 U.S.C. § 922(g)(1), the panel held that under Washington law, the defendant's juvenile adjudication of second-degree unlawful possession of a firearm in violation of Revised Code of Washington § 9.41.040(2)(a) – an offense that, if committed by an adult, is a felony punishable by up to five years in prison – constitutes a "conviction" of "a crime punishable by imprisonment for a term exceeding one year" and may therefore serve as a predicate for the § 922(g)(1) prosecution.

Observing that Washington law treats juvenile adjudications as convictions once a defendant enters the adult criminal justice system, the panel rejected the defendant's contention that Washington law establishes a general rule barring the treatment of juvenile adjudications as "convictions" of "crimes."

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Diane E. Hehir (argued), Assistant Federal Public Defender, Federal Defenders of Eastern Washington and Idaho, Yakima, Washington, for Defendant-Appellant.

Alexander C. Ekstrom (argued), Assistant United States Attorney; Michael C. Ormsby, United States Attorney, United States Attorney's Office, Yakima, Washington, for Plaintiff-Appellee.

**OPINION**

WATFORD, Circuit Judge:

In 2007, a juvenile court adjudicated Fidel Mendez guilty of second-degree unlawful possession of a firearm, in violation of Revised Code of Washington (RCW) § 9.41.040(2)(a).[1] That offense, if committed by an adult, is a felony punishable by up to five years in prison. RCW §§ 9.41.040(2)(b), 9A.20.021(1)(c). In 2012, after Mendez had become an adult, a park ranger found him in possession of a shotgun. The federal government charged him with violating 18 U.S.C. § 922(g)(1), which makes it unlawful for a person to possess a firearm if he's previously been "convicted in any court of, a crime punishable by

---

[1] Section 9.41.040(2)(a) provides in relevant part: "A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person . . . owns, has in his or her possession, or has in his or her control any firearm: . . . If the person is under eighteen years of age . . . ." RCW § 9.41.040(2)(a).

imprisonment for a term exceeding one year."[2]     The indictment alleged—based on the 2007 juvenile adjudication—that Mendez had been convicted of a such a crime.

Mendez moved to dismiss the charge on the ground that, under Washington law, his 2007 juvenile adjudication does not constitute a "conviction" of a "crime" for purposes of § 922(g)(1).   After the district court denied the motion, Mendez entered a conditional guilty plea, reserving the right to challenge on appeal whether his 2007 juvenile adjudication meets the statutory definition of "a crime punishable by imprisonment for a term exceeding one year."

Congress has defined "crime punishable by imprisonment for a term exceeding one year" to exclude certain offenses not relevant here.  18 U.S.C. § 921(a)(20).  It has also provided the following direction:  "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  *Id*. Congress thus chose not to provide a uniform answer, as a matter of federal law, to the question whether a juvenile offense constitutes a "conviction" of a "crime."  We must look instead to state law to determine whether Mendez's 2007 juvenile adjudication may serve as the predicate for his prosecution under § 922(g)(1).  *See United States v. Valerio*, 441 F.3d 837, 839–40 (9th Cir. 2006).

---

[2] Section 922(g)(1) provides in relevant part:  "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . ."  18 U.S.C. § 922(g)(1).

At first blush, Washington law seems to support Mendez. Most of the statutes governing juvenile offenders are found in RCW Title 13, which contains the following provision: "An order of court adjudging a child a juvenile offender or dependent under the provisions of this chapter shall in no case be deemed a conviction of crime."   RCW § 13.04.240. Mendez argues that this provision reflects the State's policy decision to place juvenile adjudications on a different footing from adult convictions when assessing an individual's criminal history.  That argument finds further support in the Washington Supreme Court's admonition that juveniles are deemed to commit "violations" or "offenses," not "crimes." *Monroe v. Soliz*, 939 P.2d 205, 208 (Wash. 1997); *In re Frederick*, 604 P.2d 953, 954 (Wash. 1980).

We must nonetheless reject Mendez's position. Washington courts have held that, despite its sweeping language, RCW § 13.04.240 is actually quite limited in scope: It applies only when the defendant is still within the juvenile justice system.  Because the juvenile system is focused on rehabilitation of the youthful offender, § 13.04.240 "is properly concerned with preventing an adjudication of guilt from being considered a crime while one is still a juvenile, as this approach furthers its rehabilitative purpose." *State v. Johnson*, 76 P.3d 265, 267 (Wash. Ct. App. 2003).  After reaching adulthood, however, an individual who commits further crimes falls under the adult criminal justice system, whose primary purpose is punishment. *Id.*  Within that system, § 13.04.240 has no effect, and juvenile adjudications may therefore be treated as convictions of crimes.   In *Johnson*, for example, the court held that an adult defendant's prior juvenile adjudication for assault with a deadly weapon rendered him ineligible for sentencing under Washington's Drug Offender Sentencing Alternative, which requires that

the defendant have no prior "convictions" for a violent offense within the preceding ten years. RCW § 9.94A.660(1)(c). In addition, Washington's Sentencing Reform Act "unambiguously includes juvenile adjudications under Title 13 in the definition of criminal history," *Johnson*, 76 P.3d at 268, and "allows consideration of prior juvenile adjudications in sentencing an individual who is now an adult and has committed a crime as an adult." *Id*. at 267–68; *see also* RCW §§ 9.94A.030(9), 9.94A.525.

Once an individual becomes an adult, Washington law also allows juvenile adjudications to be used as predicate offenses for certain crimes. As it happens, one such crime is unlawful possession of firearms, *see* RCW § 9.41.040, Washington's state-law analogue to 18 U.S.C. § 922(g)(1). Among other things, § 9.41.040 criminalizes possession of a firearm by a defendant who has previously been "convicted . . . of any serious offense as defined in this chapter." RCW § 9.41.040(1)(a). The statute expressly states that, "[n]otwithstanding . . . any other provisions of law, as used in this chapter, a person has been 'convicted,' *whether in an adult court or adjudicated in a juvenile court*, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed . . . ." RCW § 9.41.040(3) (emphasis added). Based on that provision, Washington courts have held that juvenile adjudications for a "serious offense" may serve as the predicate for a § 9.41.040 prosecution. *See State v. Wright*, 946 P.2d 792, 794–95 (Wash. Ct. App. 1997); *State v. McKinley*, 929 P.2d 1145, 1148–50 (Wash. Ct. App. 1997).

In light of this authority, we cannot agree with Mendez's contention that Washington law establishes a general rule barring the treatment of juvenile adjudications as "convictions" of "crimes." When the defendant is charged as

an adult, as Mendez was here, Washington law imposes no such general bar. That fact distinguishes this case from *United States v. Walters*, 359 F.3d 340 (4th Cir. 2004), on which Mendez relies. The provisions of Virginia law at issue there established that, "as a general rule," Virginia does not treat juvenile adjudications as convictions, even for individuals who have since become adults. *Id.* at 346. Against that backdrop, the Fourth Circuit found it irrelevant that Virginia law permitted juvenile adjudications to be treated as convictions in certain limited circumstances. *Id.* Because RCW § 13.04.240 does not apply to adult offenders, Washington has no general rule like the one established by Virginia law. The specific circumstances in which Washington law treats juvenile adjudications as convictions are the only guideposts available to inform our assessment of state law, and they all point in the same direction—that Washington law treats juvenile adjudications as convictions once a defendant enters the adult criminal justice system.

Under Washington law, we conclude that Mendez's 2007 juvenile adjudication constitutes a "conviction" of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. §§ 921(a)(20), 922(g)(1). Accordingly, the district court properly denied his motion to dismiss the felon-in-possession charge. We address Mendez's remaining contentions in an accompanying memorandum disposition.

**AFFIRMED.**