## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33813-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PATRICK LEVI RHYNARD, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Patrick L. Rhynard appeals the trial court's refusal to vacate his plea—conviction for felony failure to register as a sex offender. He argues his conviction must be vacated because the predicate offense was not a felony conviction. Because the criminal statute under which Mr. Rhynard was convicted does not require the State to prove that Mr. Rhynard's predicate offense was a felony conviction, we affirm.

FACTS

In October 2012, the State charged Mr. Rhynard with one count of failure to register as a sex offender under RCW 9A.44.132(1)(b). As the predicate offense, the State alleged Mr. Rhynard had been convicted of indecent liberties as a juvenile and was, therefore, required to register as a sex offender. The State further alleged Mr. Rhynard had been convicted twice before of felony failure to register as a sex offender.

Mr. Rhynard pleaded guilty to the charged crime. The sentencing court signed the felony judgment and sentence on June 6, 2013, and it was filed that same day. More than one year later, Mr. Rhynard, pro se, sought to modify the felony judgment and sentence. The trial court denied his motion by order dated July 23, 2014.

On August 20, 2014, Mr. Rhynard, pro se, filed a motion to vacate the judgment. The trial court denied the motion by order dated September 3, 2014. On September 18, 2014, Mr. Rhynard, still pro se, petitioned the Washington Supreme Court for direct review. Mr. Rhynard's petition was delayed due to his failure to submit a proper record. By order of September 30, 2015, the Supreme Court transferred the appeal to this court. Resolution of Mr. Rhynard's appeal was delayed in this court because of his failure to submit a proper record. To avoid dismissing the appeal, this court directed the State to designate the clerk's papers discussed by Mr. Rhynard in his briefing. We received the

2

No. 33813-4-III
*State v. Rhynard*

clerk's papers on April 11, 2016. We now address the merits.[1]

## ARGUMENT

Mr. Rhynard argues his conviction for felony failure to register under RCW 9A.44.132(1)(b) must be vacated because the predicate offense—a juvenile adjudication that he committed indecent liberties—was not a felony conviction. If, as he argues, the predicate offense was not a felony conviction, then he could be convicted of only a gross misdemeanor under RCW 9A.44.132(2).

The meaning of a statute is a question of law that we review de novo. *State v. Hirschfelder*, 170 Wn.2d 536, 541, 242 P.3d 876 (2010) (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)). Former RCW 9A.44.132 (2011) provides:

> (1) A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a *felony sex offense* and knowingly fails to comply with any of the requirements of RCW 9A.44.130.
>
> . . . .
>
> (b) If a person has been convicted of a felony failure to register as a sex offender in this state . . . on two or more prior occasions, the failure to register under this subsection is a class B felony.

---

[1] The State correctly notes that Mr. Rhynard's appeal is untimely because it was filed more than 30 days after entry of the judgment and sentence, and the time for appeal was not extended by untimely postjudgment motions. We nevertheless address the merits because the Supreme Court has seemingly directed us to do so.

3

(2) A person is guilty of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a sex offense *other than a felony* and knowingly fails to comply with any of the requirements of RCW 9A.44.130. The failure to register as a sex offender under this subsection is a gross misdemeanor.

(Emphasis added.)

RCW 9A.44.130 sets forth the registration requirements for sex offenders and kidnappers. As for sex offenders, that statute extends the registration requirements to "[a]ny adult or juvenile . . . in this state who has been found to have committed or has been convicted of any sex offense." RCW 9A.44.130(1)(a).

"Sex offense" for purposes of the sex offender registration statute includes any offense defined as a "sex offense" by the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. RCW 9A.44.128(10)(a). In turn, the SRA defines a "sex offense" as including "[a] felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.132." Former RCW 9.94A.030(46)(a)(i) (2012). Indecent liberties is a felony under chapter 9A.44 RCW. *See* RCW 9A.44.100(2). Therefore, a juvenile who has been found to have committed indecent liberties must register as a sex offender pursuant to RCW 9A.44.130(1)(a).

4

Mr. Rhynard is correct that under the Juvenile Justice Act of 1977, chapter 13.40 RCW, "an act which would be a crime if committed by an adult is not a crime, and thus not a felony, if committed by a juvenile." *In re Pers. Restraint of Weaver*, 84 Wn. App. 290, 294, 929 P.2d 445 (1996); *accord In re Pers. Restraint of Frederick*, 93 Wn.2d 28, 30, 604 P.2d 953 (1980). "Technically speaking, juveniles are not 'convicted' of crimes, but rather 'adjudicated' to have committed offenses." *In re Juveniles A, B, C, D, E*, 121 Wn.2d 80, 87, 847 P.2d 455 (1993); *see* RCW 13.04.240.

But Mr. Rhynard's argument misses the point. Nothing in RCW 9A.44.132(1) requires the State to prove that Mr. Rhynard's predicate offense was a felony conviction. Rather, RCW 9A.44.132(1) requires the State to prove that Mr. Rhynard had "a duty to register under RCW 9A.44.130 *for a felony sex offense*." Mr. Rhynard does not contest that he was required to register under RCW 9A.44.130. Further, as noted above, indecent liberties is a felony offense. RCW 9A.44.100(2). This fact satisfies the above italicized component of RCW 9A.44.132(1).

RCW 9A.44.132(1)(b) requires the State to prove Mr. Rhynard had two or more prior convictions for felony failure to register as a sex offender. Mr. Rhynard does not contest his two prior felony failure to register convictions. For these reasons, Mr. Rhynard's request to have his felony conviction vacated is denied.

5

No. 33813-4-III
*State v. Rhynard*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

6